STATE BANK OF WHEATLAND v. BAGLEY BROS.,
ET AL.

(Fidelity & Deposit Co. of Maryland, Intervener.)

(No. 1707; May 10, 1932; 11 Pac. (2d) 590)

304

For plaintiff and appellant there was a brief by *M. A. Kline*, of Cheyenne, Wyoming, and *O. O. Natwick*, of Wheatland, Wyoming, and oral argument by *Mr. Kline*.

For defendants and respondents there was a brief by *Kinkead* and *Pearson*, of Cheyenne, Wyoming, and *W. B. Jones*, of Wheatland, Wyoming, also oral argument by *Mr. W. C. Kinkead* and *Mr. A. A. Pearson*.

For the intervener and respondent there was a brief by *T. A. Mapes*, of Denver, Colorado, and *H. B. Henderson, Jr.*, of Cheyenne, Wyoming, and oral argument by *Mr. Henderson*.

RINER, Justice.

This is an appeal from certain findings and judgment pursuant thereto adverse to The State Bank of Wheatland in the action to foreclose certain mortgages and a pledge of corporate stock more particularly described in the opinion filed in case No. 1708, 11 Pac. (2d) 572 and is based upon the record in that case. The parties will be referred to herein as in that opinion.

The bank excepted to and claims as error the finding of the District Court that:

"the agreement made and entered into by and between Nathan G. Bagley and John R. Bagley by which they were to enter upon government homesteads for partnership purposes was and is contrary to public policy, illegal and void, and that said partnership did not thereby acquire any right, title or interest in or to any of the real estate embraced in said homestead entries but that said real estate so acquired by them under the Federal Homestead Act became the individual and separate property of said John R. Bagley and Nathan G. Bagley."

It is elementary that the entire policy of the Federal Homestead Law is to the effect that an entry thereunder must be made for the exclusive benefit of the homesteader and that a contract made by the entryman for the transfer of an interest in the entry before the issuance of the government final receipt, is void. Anderson v. Carkins, 135 U. S. 483, 10 S. Ct. 905, 34 L. Ed. 272. It would seem to be contended on behalf of the bank that by the finding above quoted, it was determined by the trial court that "the real estate thus acquired under the government homestead act never became partnership property, but remained the separate and individual property of Nathan G. Bagley and John R. Bagley." The language of the finding does not, however, appear to bear out this contention and we do not think it was intended to go that far. It appears to do nothing more than to determine that when the several homestead entry patents were issued to the parties last named, neither had an interest in the land so patented to the other. We see nothing incorrect in such a finding.

It is next contended on behalf of the bank that it was error to find in the decree that, as the real estate mortgage counted on in plaintiff's eighteenth cause of action was given by John R. Bagley as surviving partner on October 1, 1927, after his connection with the Newcastle-Lead highway construction contract had been severed and after or contemporaneous with the bank's refusal to finance further the firm's uncompleted road construction contract work, he on that date was without power to give such a mortgage upon firm property to secure the payment of prior firm indebtedness to plaintiff and that the mortgage was void as to the firm and the executrix. It is said that this error was carried on in the decree wherein it was adjudged that plaintiff take nothing by its eighteenth cause of action and the mortgage in question be declared null and void.

Preceding the description of the property which is given by section, township and range in the mortgage aforesaid, appears the language: "All of the following lands in Bag-

ley Bros. name including all of my own interest in same.'' The instrument is signed ''Bagley Bros. by J. R. Bagley, J. R. Bagley.'' It is said that the quoted language renders the instrument too ambiguous to be enforced. We do not think the point is well taken. The mortgage undoubtedly affected any property described therein in which John R. Bagley had an interest, either individually or as surviving partner. If the property included in it were firm property, he had the right to subject the land to the payment of firm indebtedness. The executrix, having no greater rights than the deceased partner relative to this property, can hardly complain of that.

It is argued, as the law provides (Wyo. Rev. St. 1931, § 81-605; Wyo. Comp. St. 1920, § 4204) that ''except so far as may be necessary to wind up partnership affairs or to complete transactions begun, but not then finished, dissolution terminates all authority of any partner to act for the partnership,'' the surviving partner, John R. Bagley, was without power to give plaintiff this mortgage. While conceding that it was his duty and within his authority to close up the firm affairs, it is insisted that the execution and delivery of this instrument was not an act appropriate thereto. We are unable to see that this is so. If the property affected was owned by the firm, the surviving partner clearly could have sold it and paid firm debts with the proceeds. When he gave the mortgage, he was simply doing indirectly what he was obviously authorized to do directly, i. e., providing for the payment of firm indebtedness. It makes no difference, as we see it, that the highway construction contract was at an end or that all loans for that purpose had been made to the surviving partner and that he had been denied further credit by the bank. The fact still remained that the firm debts were not yet paid and the duty devolved upon John R. Bagley as such surviving partner to arrange as best he could for their liquidation. That the indebtedness he undertook to secure was proper has already been shown and the authorities discussed in Case No. 1708.

The controlling question to be determined as regards the mortgage of date, October 1, 1927, in our view of the matter, is whether any or all of the property included in it, though the title thereto stood for the most part in the name of Nathan G. Bagley, individually, was actually firm property and subject to be dealt with as such by the surviving partner. This issue must be determined upon competent evidence, a subject already discussed in the opinion aforesaid.

The District Court erred in making the finding and entering the judgment it did concerning the mortgage dated October 1, 1927 and the decree in that respect must be reversed with instructions to grant a new trial of the issues arising upon plaintiff's eighteenth cause of action.

*Reversed.*

KIMBALL, C. J., and BLUME, J., concur.